LEMMON, Judge
(dissenting).
R.S. 23:1031 requires “injury by accident” in the .course of and arising out of employment. The terms “happening suddenly and violently” and “producing at the time objective symptoms of injury”, modifying “event” in R.S. 23:1021(l)’s definition of “accident”, have not been interpreted in the jurisprudence to require a single, identifiable work event or unusual job experience; the terms have served more to rule out disabilities from gradually and progressively developing conditions which may equally “arise out of” recreational and home-oriented activities rather than job-connected activities. The lack of suddenness in cause or in effect has not necessarily defeated recovery where a causal relationship between the job and the disability has been firmly established.[1]
The decision in Gorbach v. Praeger, Inc., supra, did not turn on plaintiff’s inability to prove an identifiable accident at work, but rather on the fact that plaintiff was in two automobile accidents between the initial onset of back pain and the ultimate disability. In fact, the court observed that “(w)hen the ligaments, cartilages, or organs of the body give way because of exertion on the job, the unsuing disability is compensable.”
*569 In the present case plaintiff injured his back on the job in June, 1973, after having worked for five years at strenuous labor for defendant. He reported two more incidents (and was hospitalized once) between then and the ultimate disability in February, 1974. However, plaintiff’s case as to disability resulting from any of these reported incidents is weakened by (1) his orthopedic expert’s opinion that a preexist-ent back condition was aggravated by constant strenuous labor, which brought about the physical deterioration of the back, and (2) his failure to produce the doctor who treated and hospitalized him in October, 1973.
Nevertheless, the fact that plaintiff’s back deteriorated because of repeated incidents of exertion on the job is not in serious dispute. The overall purpose of the Workmen’s Compensation Act is to provide benefits for workers who become disabled because of one or more incidents occurring on the job (rather than at home or at play). In my opinion that purpose would be frustrated by denying benefits to an employee whose back ultimately “gives way” because of a series of exertions in the course of strenuous employment.

. Recovery has often been denied when the injury lacks suddenness both in cause and in event.